UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
IN RE: APPLICATION OF ROYAL BANK :
OF CANADA, WOLRIGE MAHON LTD., :
AND RBC DOMINION SECURITIES INC. : **AMENDED ORDER**
TO TAKE THE TESTIMONY OF VINIT BORA : 1:07-mc-00124-ENV
FOR USE IN AN ACTION PENDING IN THE :
SUPREME COURT OF BRITISH COLUMBIA, :
CANADA :
:
------------------------------------------------------------X
**VITALIANO, D.J.**

Upon review of the Application of Royal Bank of Canada ("RBC"), Wolrige Mahon Limited ("Wolrige") and RBC Dominion Securities Inc. ("RBC-DS" and collectively with RBC and Wolrige, the "Applicants"), dated March 27, 2007, with Dreier LLP appearing as attorney for the Applicants, for an order pursuant to 28 U.S.C. § 1782 appointing Dreier LLP or Canadian counsel for the Applicants to take the deposition of Vinit Bora for use in the action entitled *Kedia International Inc., GMC Manufacturing Ltd., and Mohan Kedia v. Royal Bank of Canada, Wolrige Mahon Limited and RBC Dominion Securities Inc.*, No. S002285, Vancouver Registry (the "Canadian Action"), now pending in the Supreme Court of British Columbia (the "Canadian Court"), it appears to the Court that Vinit Bora, a resident of this judicial district, has knowledge of facts material to the defense of the Canadian Action, and it further appears that justice will be served by the taking of the testimony of Vinit Bora for use in such action, therefore;

IT IS ORDERED that Dreier LLP, attorneys at law and Canadian Counsel for the Applicants, be, and are hereby, appointed special examiners with full power to collect evidence, administer oaths and take the deposition of Vinit Bora concerning all matters relevant to the Canadian Action; and

IT IS FURTHER ORDERED that Vinit Bora produce, by April 23, 2007, at the offices of Dreier LLP, 499 Park Avenue, New York, New York 10022, copies of all documents listed in the attached Schedule A, and now in his custody or control, and that Vinit Bora appear to testify and give evidence under oath as a witness at an examination before Dreier LLP or Canadian Counsel for the Applicants, at Fasken Martineau DuMoulin LLP, 767 Third Avenue, New York, New York, on April 26, 2007 at 10:30 a.m., and at any recessed or adjourned date, in furtherance of the Applicants' defense of the Canadian Action, pursuant to 28 U.S.C. § 1782(a); and

IT IS FURTHER ORDERED that Dreier LLP serve copies of this Amended Order on Kedia International Inc., GMC Manufacturing Ltd., and Mohan Kedia by overnight mail on or before April 10, 2007; and

IT IS FURTHER ORDERED that a copy of this Amended Order and of the Application upon which it is issued shall be personally served on Vinit Bora on or before April 13, 2007; and

IT IS FURTHER ORDERED that upon completion of the deposition of Vinit Bora pursuant to this Amended Order, Dreier LLP file copies of the deposition transcript with the Clerk of this Court and transmit the originals of the deposition transcript, together with a copy of the Application and Amended Order herein, to the Supreme Court of British Columbia by mail or otherwise.

SO ORDERED.

Dated: Brooklyn, New York
April 9, 2007

/SIGNED/
_____
Eric N. Vitaliano
United States District Judge

# SCHEDULE A

## DEFINITIONS

For purposes of this document request, the following terms shall have the meanings indicated:

1. "Document(s)" is defined in the broadest sense as is consistent with the CPLR and includes, without limitation, any original and each copy (whether different from the original by means of notes made on such copy or otherwise), of any handwritten, typewritten, printed, recorded, microfilmed, copied or printed on computer hard drive, tape, disc, or otherwise prepared matter, however produced or reproduced, including, but not limited to, communications, letters, correspondence, agreements, working papers, memoranda, contracts, diaries, appointment books, calendars, telegrams, telexes, telefaxes, cables, notes, computer printouts, computer programs, computer files, emails, minutes or other recordings of meetings or conversations (whether in person or via telephone or other means), photographs, drafts, writings, medical records, hospital records, and all other written, printed, typed or other graphic or recorded matter of any nature whatsoever, however denominated, including any drafts or incomplete versions of such material and all other material of any tangible medium of expression and original or preliminary notes. A draft or non-identical copy is a separate document within the meaning of this term.

2. "Concerning" means relating to, referring to, describing, evidencing or constituting, analyzing or reflecting.

3. As used herein, the term "Kedia International Inc." shall mean the plaintiff in the Canadian Action, and all of its officers, directors, employees, parent corporations, subsidiaries, affiliates, agents and advisors.

# INSTRUCTIONS

1. Please produce and permit inspection of all documents responsive to the requests below. The Applicants will reimburse reasonable copying expenses.

2. This document request applies to all documents in your possession or control, including, but not limited to, documents maintained in your files. This document request also applies to documents in the possession or control of your attorneys, agents, accountants, or representatives.

3. Please produce the documents as they are kept in the usual course of business, including the name of the file from which it was produced, the identity of the person from whose file it was produced, and the identity of the present custodian of that file, or organize and clearly label the documents to correspond to document request number and subpart.

4. Any document requested herein shall be produced as it is kept in the ordinary course of business. The name of the file from which it was produced, the identity of the person from whose file it was produced, and the identity of the present custodian of that file shall each be set forth.

5. If any document requested herein was formerly in your possession, custody or control and has been lost, destroyed or otherwise disposed of, furnish a list identifying each such document and stating the following information with respect to each document:

    (a)    the nature of the document and its content;

    (b)    the persons who prepared or authored the document, and, if applicable, the persons to whom the document was sent;

    (c)    the date on which the document was prepared or transmitted; and

    (d)    the date on which the document was lost, destroyed or otherwise disposed

of, the conditions of and reasons for such destruction or other disposition and the persons requesting and performing the destruction or other disposition.

6. If any document is withheld or not identified under a claim of privilege, immunity or otherwise, identify in writing each such document and for each:

    (a) state the date of the document, its author and addressee;

    (b) each person to whom copies of the document were furnished or to whom the contents thereof were communicated;

    (c) a summary of the subject matter of the document;

    (d) the basis upon which the asserted privilege, immunity or other reason for non-disclosure is claimed; and

    (e) the request(s) to which the document is responsive.

7. Unless otherwise specifically indicated, documents to be produced pursuant to this request shall include all documents prepared, existing, used, sent, received, reviewed or read, or otherwise in your possession, custody or control.

## Document Requests

1. All agreements, correspondence, faxes, emails, instructions, accounts, ledgers, invoices, orders, deposit slips, receipts, cheques, proof of payments, proof of delivery forms, and any and all other documents relating to your arrangement with Mohan Kedia and/or Kedia International Inc. respecting the delivery of gold bullion to you on behalf of Kedia International Inc. at the Morgan Guaranty Trust Company, 15 Broad Street Branch, for the period February 1997 to August 1997 (the "Morgan Guaranty Deliveries");

2. All agreements, correspondence, faxes, emails, instructions, accounts, ledgers, invoices, orders, receivables, deposit slips, receipts, cheques, proof of payments, proof of delivery forms, and any and all other documents relating to the sale of gold bullion delivered to

you on behalf of Kedia International Inc. at Morgan Guaranty Trust Company, 15 Broad Street Branch; and

3. All account statements, deposit slips, cheques and withdrawal slips for Kedia International's account at the Marine Midland Bank (New York) for the period February 1997 to August 1997 relating Morgan Guaranty Deliveries.